UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:07-cr-0165-SEB-DML-1 |
| ) | |
| LARRY DWIGHT DUERSON, ) | |
| ) | |
| Defendant. ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Sarah Evans Barker, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on March 22, 2018, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on April 6, 2018, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On April 6, 2018, defendant Larry Dwight Duerson appeared in person with his appointed counsel, Dominic Martin. The government appeared by Jeff Preston, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Troy Adamson, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Duerson of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Duerson questions to ensure that he had the ability to understand the proceedings and his rights.

2. A copy of the Petition was provided to Mr. Duerson and his counsel, who informed the court they had reviewed the Petition and that Mr. Duerson understood the violations alleged. Mr. Duerson waived further reading of the Petition.

3. The court advised Mr. Duerson of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition. Mr. Duerson was advised of the rights he would have at a preliminary hearing. Mr. Duerson stated that he wished to waive his right to a preliminary hearing.

4. Mr. Duerson stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petition. Mr. Duerson executed a written waiver of the preliminary hearing, which the court accepted.

5. The court advised Mr. Duerson of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

6. Mr. Duerson, by counsel, stipulated that he committed Violation Number 1 set forth in the Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |

        On March 5, 2018, the offender submitted a urine sample which tested positive for cocaine. He admitted "snorting" cocaine on March 1, 2018.

        As previously reported to the Court, Mr. Duerson tested positive for cocaine on September 25, October 10, November 7, 9, 18, 27, and December 4, 2017. On each occasion he admitted using cocaine.

7. After asking Mr. Duerson a series of questions to ensure his decision to waive his right to a hearing was knowing and voluntary, the court placed Mr. Duerson under oath and directly inquired of Mr. Duerson whether he admitted violation 1 of his supervised release set forth above. Mr. Duerson admitted the violation as set forth above.

8. The government moved to dismiss violations 2, 3, and 4 and the same granted.

9. The parties and the USPO further stipulate:

   (a) The highest grade of Violation (Violation 1) is a Grade B violation (U.S.S.G. § 7B1.1(a)(2)).

   (b) Mr. Duerson's criminal history category is VI.

   (c) The range of imprisonment applicable upon revocation of Mr. Duerson's supervised release, therefore, is 21 - 27 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

10. The parties jointly recommended a sentence of fifteen (15) months with no supervised release to follow. Defendant requested a recommendation of placement at FCI Elkton or a facility closest to Indianapolis, Indiana with substance abuse and mental health treatment.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, LARRY DWIGHT DUERSON, violated the above-specified conditions in the Petition and that

his supervised release should be and therefore is **REVOKED**, and he is sentenced to the custody of the Attorney General or his designee for a period of fifteen (15) months with no supervised release to follow.  The defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation.  The Magistrate Judge will recommend placement at FCI Elkton or a facility close to Indianapolis, Indiana.  The Magistrate Judge further recommends the defendant be placed in substance abuse and mental health treatment.

Counsel for the parties and Mr. Duerson stipulated in open court waiver of the following:

1.  Notice of the filing of the Magistrate Judge's Report and Recommendation;

2.  Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B) and (C); and, Federal Rules of Criminal Procedure 59(b)(2).

Counsel for the parties and Mr. Duerson entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Duerson's supervised release, imposing a sentence of fifteen (15) months with no supervised release to follow.  The defendant is to be taken into immediate custody pending the district court's action on this Report and Recommendation.  The Magistrate Judge recommends placement at FCI Elkton or a facility close to Indianapolis, Indiana.  The

Magistrate Judge further recommends the defendant be placed in substance abuse and mental health treatment.

    IT IS SO RECOMMENDED.

Date: 4/16/2018

                                 Debra McVicker Lynch
                                 United States Magistrate Judge
                                 Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal